<div style="text-align:center">

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF
ALABAMA SOUTHERN DIVISION

</div>

| | |
|---|---|
| IN THE MATTER OF THE SEIZURE OF ALL FUNDS ON DEPOSIT IN REGIONS BANK ACCOUNTS ▮▮▮▮2916 and ▮▮▮▮1351 | Case No. 25-mj-34-B <br><br> **Filed Under Seal** |

<div style="text-align:center">

**AFFIDAVIT IN SUPPORT OF
AN APPLICATION FOR A SEIZURE WARRANT**

</div>

I, Emily Platt, being first duly sworn, hereby depose and state as follows:

### PROPERTY TO BE SEIZED

1. This affidavit is made in support of an application for a seizure warrant for all funds on deposit with Regions Bank in account number ▮▮▮▮2916, held in the name of Kelley Williamson and Jennifer James, and Regions Bank account ▮▮▮▮1351, held in the name of Kelley Williamson.

2. There is probable cause to believe that the funds in said bank accounts include proceeds of violations of a specified unlawful activity, namely, proceeds of violations of 18 U.S.C. §§1344(2), Bank Fraud. As such, the funds on deposit in said Regions Bank accounts are subject to seizure and forfeiture pursuant to 18 U.S.C. §§ 981(a)(1)(C), and 984.

### INTRODUCTION AND AGENT BACKGROUND

3. I make this affidavit in support of seizure and forfeiture of funds on deposit held in the subject accounts at Regions Bank, headquartered in Birmingham, Alabama. The funds on deposit in the accounts to be seized and the evidence to support the seizure are described in the

following paragraphs. This affidavit is made in support of an application for a seizure warrant under United States pursuant to 18 U.S.C. §§ 981(a)(1)(C) and 984.

4. I am a Special Agent with the United States Secret Service ("USSS") and have been since July 22, 2019. I graduated the Criminal Investigative Training Program ("CITP") at the Federal Law Enforcement Training Center ("FLETC") in November 2019 and JJRTC in February 2022. As part of my USSS training, I took a Basic Investigation of Computer and Electronic Crime ("BICEP") course, went to National Cyber Forensics Institute ("NCFI"), and had training in identifying and working counterfeit, fraud and money laundering cases. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show only that there is sufficient probable cause for the requested warrants and does not set forth all of my knowledge about this matter.

5. Based on my training and experience and the facts as set forth in this affidavit, there is probable cause to believe that violations of 18 U.S.C. §1344(2), Bank Fraud, have been committed by **Kelley James Williamson ("Williamson")**. Therefore, the subject account's funds are subject to seizure and forfeiture to the United States pursuant to 18 U.S.C. Sections 981(a)(1)(C) (forfeiture of proceeds of "specified unlawful activity", including violations of §1344(2), as specified in 18 U.S.C. §1961(1)) and 984 (civil forfeiture of fungible property).

6. The information in this affidavit is based on my personal knowledge, as well as information provided by other law enforcement agents, bank representatives and other private businesses, and my review of documents obtained during the course of the investigation. The information outlined below is provided for the limited purpose of establishing probable cause and does not contain all details or all facts of which I am aware relating to this investigation.

## SUMMARY OF PROBABLE CAUSE

7. On 12/19/24, Irving Silver, an attorney for Crowder Gulf, contacted the USSS Mobile Resident Office ("MOB"), to report fraud by Kelley **Williamson** ("**Williamson**"). Crowder Gulf is a debris cleanup company located in the USSS MOB district. Silver said that Crowder Gulf employee, **Williamson**, had stolen approximately $1.5 million dollars from Crowder Gulf. Mr. Silver said that **Williamson** had unlimited access, without oversight, to Crowder Gulf's bank accounts. **Williamson** was employed as Crowder Gulf's Office Manager, though she had additional titles of "Accounts Payable" and "Payroll". According to Silver, **Williamson** worked for the company for approximately 20 years. **Williamson's** sister, Jennifer James also worked for the company as a data analyst. According to a copy of James employment record with the company, James had a history of fraudulently accounting her hours. This led to her termination on 11/15/2024.

8. On 11/15/2024, the Controller for Crowder Gulf, Lauren Bell, saw unauthorized payments in the CG Leasing, LLC's ("CG Leasing") account ending in 1154. CG Leasing is owned by Crowder Gulf. There were eight fraudulent and unauthorized checks all made payable to Kelley **Williamson**. Ashley Ramsay-Naile's signature is only authorized for business use, and she has told Your Affiant that she did not sign the checks which purport to bear her signature. **Williamson** wrote these checks between May 2 and November 13, 2024, which totaled $222,500.00. All checks were deposited into Regions Bank account ending in 2916 held by **Williamson**. Lauren Bell, as Crowder Gulf's Controller, has access to payroll files, and searched for **Williamson's** pay stub and confirmed this is the same account she received her pay checks. According to Ms. Ramsay-Naile, **Williamson** wrote checks payable to herself on CG Leasing's account using QuickBooks check stock and utilized her signature stamp, which she kept under

lock and key. Ms. Ramsay-Naile said she neither authorized the checks nor the use of her signature stamp. The total loss amount for CG Leasing is $222,500.00.

9. Ms. Bell said that in **Williamson's** termination interview, she admitted to stealing

| CK# | Date | Amount |
|---|---|---|
| 7008 | 5/2/2024 | 7,500 |
| 7009 | 5/9/2024 | 60,000 |
| 7015 | 6/14/2024 | 45,000 |
| 7017 | 10/4/2024 | 5,000 |
| 7018 | 10/4/2024 | 35,000 |
| 7019 | 10/8/2024 | 5,000 |
| 7020 | 11/1/2024 | 10,000 |
| 7023 | 11/13/2024 | 55,000 |
|  |  | 222,500 |

Fig. 1 & 2 Eight fraudulent checks deposited at bank account ▮2916 and copy of one of the fraudulent checks.

funds from Shady Grove Land and Timber Co., LLC ("SHADY GROVE"). This account is separate from Crowder Gulf and is a Ramsay Estate-owned business. It was involved a project of the late founder of Crowder Gulf, John Ramsay. On 11/22/2024, Ashley Ramsay-Naile, emailed Regions Bank and requested copies of the checks from CG Leasing and statements from Shady Grove dating back to its inception in 2013. Regions returned an excel file filtered for only transactions to accounts with account name Kelley **Williamson.**

10. In all, there was 211 electronic transactions between December 2017 and May 2023, which totaled $1,199,000. A representative from Regions Bank said it could not go back further than 2017 for digital bank statements for Shady Grove. Despite Regions Bank's lack of digital files before 2017, it had some original bank statements from the Shady Grove account from 2013. A January 2013 bank statement shows two unauthorized $5,000 ACH wires. This is consistent with **Williamson's** fraudulent payments to herself, as she often wired herself increments of $5,000, $7,500, $3,500 or $2,500. A comparison of the original bank statements with the ACH payments file Regions provided, Ramsay-Naile said that the only transactions done through the Shady Grove account in ACH form were **Williamson's**. The legitimate transactions in the account are distinguishable from **Williamson's** ACH transactions. The total known loss amount is $1,199,000.00.

| COMPANY NAME | COMPANY ID | ODFI TR | ENTRY DESC | REFNO FILE/BATCH | PARNO | TC | ROUTING1 | ACCOUNT | AMOUNT | CUST NAME | TRACE | POINT | APPL | ROUTING2 | DATE | TIME |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| SHADY GROVE LAND | 1463642755 | 0620-0001 | CORP PAY | 18341000085/0000135 | 003733795 | 32-CSN | 062000019 | 000000000173591351 | 7,500.00 | KELLEY WILLIAMSON | 0000002 | 9POST | BANK 001 | 062000019 | 2018-12-07 | 1030 |
| SHADY GROVE LAND | 1463642755 | 0620-0001 | CORP PAY | 18334000093/0000120 | 005425071 | 32-CSN | 062000019 | 000000000173591351 | 7,500.00 | KELLEY WILLIAMSON | 0000003 | 9POST | BANK 001 | 062000019 | 2018-11-30 | 1030 |
| SHADY GROVE LAND | 1463642755 | 0620-0001 | CORP PAY | 18324000406/0000275 | 016874069 | 32-CSN | 062000019 | 000000000173591351 | 5,000.00 | KELLEY WILLIAMSON | 0000002 | 9POST | BANK 001 | 062000019 | 2018-11-20 | 1600 |
| SHADY GROVE LAND | 1463642755 | 0620-0001 | CORP PAY | 18319000086/0000177 | 006480037 | 32-CSN | 062000019 | 000000000173591351 | 5,000.00 | KELLEY WILLIAMSON | 0000002 | 9POST | BANK 001 | 062000019 | 2018-11-15 | 1030 |
| SHADY GROVE LAND | 1463642755 | 0620-0001 | CORP PAY | 18306000089/0000135 | 009867081 | 32-CSN | 062000019 | 000000000173591351 | 7,500.00 | KELLEY WILLIAMSON | 0000002 | 9POST | BANK 001 | 062000019 | 2018-11-02 | 1000 |
| SHADY GROVE LAND | 1463642755 | 0620-0001 | CORP PAY | 18298000211/0000068 | 009701292 | 32-CSN | 062000019 | 000000000173591351 | 5,000.00 | KELLEY WILLIAMSON | 0000003 | 9POST | BANK 001 | 062000019 | 2018-10-25 | 1200 |
| SHADY GROVE LAND | 1463642755 | 0620-0001 | CORP PAY | 18291000087/0000179 | 008974262 | 32-CSN | 062000019 | 000000000173591351 | 5,000.00 | KELLEY WILLIAMSON | 0000002 | 9POST | BANK 001 | 062000019 | 2018-10-18 | 1030 |
| SHADY GROVE LAND | 1463642755 | 0620-0001 | CORP PAY | 18284000085/0000235 | 005129398 | 32-CSN | 062000019 | 000000000173591351 | 5,000.00 | KELLEY WILLIAMSON | 0000002 | 9POST | BANK 001 | 062000019 | 2018-10-11 | 1030 |
| SHADY GROVE LAND | 1463642755 | 0620-0001 | CORP PAY | 18277000355/0000256 | 009295091 | 32-CSN | 062000019 | 000000000173591351 | 7,500.00 | KELLEY WILLIAMSON | 0000002 | 9POST | BANK 001 | 062000019 | 2018-10-04 | 1600 |
| SHADY GROVE LAND | 1463642755 | 0620-0001 | CORP PAY | 18263000229/0000078 | 003419610 | 32-CSN | 062000019 | 000000000173591351 | 5,000.00 | KELLEY WILLIAMSON | 0000003 | 9POST | BANK 001 | 062000019 | 2018-09-20 | 1200 |
| SHADY GROVE LAND | 1463642755 | 0620-0001 | CORP PAY | 18249000295/0000044 | 005110240 | 32-CSN | 062000019 | 000000000173591351 | 7,500.00 | KELLEY WILLIAMSON | 0000002 | 9POST | BANK 001 | 062000019 | 2018-09-06 | 1300 |
| SHADY GROVE LAND | 1463642755 | 0620-0001 | CORP PAY | 18241000089/0000293 | 008007545 | 32-CSN | 062000019 | 000000000173591351 | 5,000.00 | KELLEY WILLIAMSON | 0000002 | 9POST | BANK 001 | 062000019 | 2018-08-29 | 1500 |
| SHADY GROVE LAND | 1463642755 | 0620-0001 | CORP PAY | 18235000349/0000276 | 007900178 | 32-CSN | 062000019 | 000000000173591351 | 5,000.00 | KELLEY WILLIAMSON | 0000002 | 9POST | BANK 001 | 062000019 | 2018-08-23 | 1600 |
| SHADY GROVE LAND | 1463642755 | 0620-0001 | CORP PAY | 18221000244/0000190 | 014015348 | 32-CSN | 062000019 | 000000000173591351 | 5,000.00 | KELLEY WILLIAMSON | 0000003 | 9POST | BANK 001 | 062000019 | 2018-08-09 | 1600 |
| SHADY GROVE LAND | 1463642755 | 0620-0001 | CORP PAY | 18214000245/0000082 | 006112698 | 32-CSN | 062000019 | 000000000173591351 | 5,000.00 | KELLEY WILLIAMSON | 0000002 | 9POST | BANK 001 | 062000019 | 2018-08-02 | 1200 |
| SHADY GROVE LAND | 1463642755 | 0620-0001 | CORP PAY | 18207000324/0000190 | 014885995 | 22-CDN | 062000019 | 000000009001602916 | 2,500.00 | KELLEY WILLIAMSON | 0000002 | 9POST | BANK 001 | 062000019 | 2018-07-26 | 1500 |
| SHADY GROVE LAND | 1463642755 | 0620-0001 | CORP PAY | 18186000493/0000228 | 021717602 | 22-CDN | 062000019 | 000000009001602916 | 5,000.00 | KELLEY WILLIAMSON | 0000003 | 9POST | BANK 001 | 062000019 | 2018-07-05 | 1600 |
| SHADY GROVE LAND | 1463642755 | 0620-0001 | CORP PAY | 18178000397/0000341 | 014517828 | 22-CDN | 062000019 | 000000009001602916 | 3,000.00 | KELLEY WILLIAMSON | 0000002 | 9POST | BANK 001 | 062000019 | 2018-06-27 | 1600 |
| SHADY GROVE LAND | 1463642755 | 0620-0001 | CORP PAY | 18172000084/0000118 | 011634175 | 22-CDN | 062000019 | 000000009001602916 | 5,000.00 | KELLEY WILLIAMSON | 0000002 | 9POST | BANK 001 | 062000019 | 2018-06-22 | 1030 |
| SHADY GROVE LAND | 1463642755 | 0620-0001 | CORP PAY | 18165000269/0000062 | 005874480 | 22-CDN | 062000019 | 000000009001602916 | 5,000.00 | KELLEY WILLIAMSON | 0000003 | 9POST | BANK 001 | 062000019 | 2018-06-14 | 1300 |
| SHADY GROVE LAND | 1463642755 | 0620-0001 | CORP PAY | 18157000085/0000289 | 005839969 | 22-CDN | 062000019 | 000000009001602916 | 8,500.00 | KELLEY WILLIAMSON | 0000001 | 9POST | BANK 001 | 062000019 | 2018-06-06 | 1030 |
| SHADY GROVE LAND | 1463642755 | 0620-0001 | CORP PAY | 18150000254/0000105 | 005295282 | 32-CSN | 062000019 | 000000000173591351 | 5,000.00 | KELLEY WILLIAMSON | 0000002 | 9POST | BANK 001 | 062000019 | 2018-05-30 | 1200 |
| SHADY GROVE LAND | 1463642755 | 0620-0001 | CORP PAY | 18144000080/0000155 | 008695578 | 32-CSN | 062000019 | 000000000173591351 | 2,500.00 | KELLEY WILLIAMSON | 0000003 | 9POST | BANK 001 | 062000019 | 2018-05-24 | 1030 |
| SHADY GROVE LAND | 1463642755 | 0620-0001 | CORP PAY | 18138000080/0000115 | 007480418 | 32-CSN | 062000019 | 000000000173591351 | 2,500.00 | KELLEY WILLIAMSON | 0000002 | 9POST | BANK 001 | 062000019 | 2018-05-18 | 1030 |
| SHADY GROVE LAND | 1463642755 | 0620-0001 | CORP PAY | 18130000252/0000201 | 006653692 | 32-CSN | 062000019 | 000000000173591351 | 2,500.00 | KELLEY WILLIAMSON | 0000002 | 9POST | BANK 001 | 062000019 | 2018-05-10 | 1500 |
| SHADY GROVE LAND | 1463642755 | 0620-0001 | CORP PAY | 18120000192/0000146 | 022057296 | 32-CSN | 062000019 | 000000000173591351 | 7,500.00 | KELLEY WILLIAMSON | 0000002 | 9POST | BANK 001 | 062000019 | 2018-04-30 | 1030 |
| SHADY GROVE LAND | 1463642755 | 0620-0001 | CORP PAY | 18109000069/0000201 | 011468916 | 32-CSN | 062000019 | 000000000173591351 | 7,500.00 | KELLEY WILLIAMSON | 0000002 | 9POST | BANK 001 | 062000019 | 2018-04-19 | 1030 |
| SHADY GROVE LAND | 1463642755 | 0620-0001 | CORP PAY | 18095000080/0000166 | 007394363 | 32-CSN | 062000019 | 000000000173591351 | 7,500.00 | KELLEY WILLIAMSON | 0000002 | 9POST | BANK 001 | 062000019 | 2018-04-05 | 1030 |
| SHADY GROVE LAND | 1463642755 | 0620-0001 | CORP PAY | 18088000327/0000138 | 020049257 | 32-CSN | 062000019 | 000000000173591351 | 7,500.00 | KELLEY WILLIAMSON | 0000002 | 9POST | BANK 001 | 062000019 | 2018-03-29 | 1300 |
| SHADY GROVE LAND | 1463642755 | 0620-0001 | CORP PAY | 18079000035/0000140 | 008355724 | 32-CSN | 062000019 | 000000000173591351 | 7,500.00 | KELLEY WILLIAMSON | 0000002 | 9POST | BANK 001 | 062000019 | 2018-03-20 | 1030 |
| SHADY GROVE LAND | 1463642755 | 0620-0001 | CORP PAY | 18067000221/0000075 | 006694924 | 32-CSN | 062000019 | 000000000173591351 | 7,500.00 | KELLEY WILLIAMSON | 0000002 | 9POST | BANK 001 | 062000019 | 2018-03-08 | 1200 |
| SHADY GROVE LAND | 1463642755 | 0620-0001 | CORP PAY | 18060000238/0000056 | 010535706 | 32-CSN | 062000019 | 000000000173591351 | 7,500.00 | KELLEY WILLIAMSON | 0000003 | 9POST | BANK 001 | 062000019 | 2018-03-01 | 1200 |
| SHADY GROVE LAND | 1463642755 | 0620-0001 | PAYMENTS | 18047000036/0000026 | 005496009 | 32-CSN | 062000019 | 000000000173591351 | 7,500.00 | KELLEY WILLIAMSON | 0002174 | 9POST | BANK 001 | 062000019 | 2018-02-16 | 1030 |
| SHADY GROVE LAND | 1463642755 | 0620-0001 | PAYMENTS | 18039000461/0000065 | 016465576 | 32-CSN | 062000019 | 000000000173591351 | 7,500.00 | KELLEY WILLIAMSON | 0058902 | 9POST | BANK 001 | 062000019 | 2018-02-08 | 1200 |
| SHADY GROVE LAND | 1463642755 | 0620-0001 | PAYMENTS | 18032000240/0000052 | 009261654 | 32-CSN | 062000019 | 000000000173591351 | 5,000.00 | KELLEY WILLIAMSON | 0028396 | 9POST | BANK 001 | 062000019 | 2018-02-01 | 1200 |
| SHADY GROVE LAND | 1463642755 | 0620-0001 | PAYMENTS | 18018000468/0000044 | 014855947 | 32-CSN | 062000019 | 000000000173591351 | 7,500.00 | KELLEY WILLIAMSON | 0054270 | 9POST | BANK 001 | 062000019 | 2018-01-18 | 1600 |
| SHADY GROVE LAND | 1463642755 | 0620-0001 | PAYMENTS | 18011000331/0000106 | 009410431 | 32-CSN | 062000019 | 000000000173591351 | 7,500.00 | KELLEY WILLIAMSON | 0014520 | 9POST | BANK 001 | 062000019 | 2018-01-11 | 1000 |
| SHADY GROVE LAND | 1463642755 | 0620-0001 | PAYMENTS | 18004000049/0000077 | 008552565 | 32-CSN | 062000019 | 000000000173591351 | 7,500.00 | KELLEY WILLIAMSON | 0048191 | 9POST | BANK 001 | 062000019 | 2018-01-04 | 1500 |
| SHADY GROVE LAND | 1463642755 | 0620-0001 | PAYMENTS | 17355000030/0000022 | 006003265 | 32-CSN | 062000019 | 000000000173591351 | 5,000.00 | KELLEY WILLIAMSON | 0001910 | 9POST | BANK 001 | 062000019 | 2017-12-22 | 1030 |
| SHADY GROVE LAND | 1463642755 | 0620-0001 | PAYMENTS | 17349000342/0000048 | 025786680 | 32-CSN | 062000019 | 000000000173591351 | 5,000.00 | KELLEY WILLIAMSON | 0020458 | 9POST | BANK 001 | 062000019 | 2017-12-15 | 1500 |
| SHADY GROVE LAND | 1463642755 | 0620-0001 | PAYMENTS | 17339000097/0000058 | 035145046 | 32-CSN | 062000019 | 000000000173591351 | 7,500.00 | KELLEY WILLIAMSON | 0005600 | 9POST | BANK 001 | 062000019 | 2017-12-05 | 1030 |

Fig. 3 Regions bank statements showing unauthorized wires from Shady Grove to Williamson's two bank accounts [redacted]2916 and [redacted]91351.

| | | | |
|---|---|---|---|
| 01/30 | Shady Grove Land Payments Shadygrov | -Sett-Tms ACH | 5,000.00 |
| 01/30 | Intuit Payroll S Quickbooks Shady Grove LA 463642755 | | 594.50 |
| 01/31 | Shady Grove Land Payments Shadygrov | -Sett-Tms ACH | 5,000.00 |
| 01/31 | Intuit Payroll S Quickbooks Shady Grove LA 463642755 | | 539.66 |
| 01/31 | Intuit Payroll S Quickbooks Shady Grove LA 463642755 | | 1.45 |
| | | Total Withdrawals | $195,473.34 |

Fig. 4 January 2014 Regions Bank Statements show two $5,000 ACH wires

**WITHDRAWALS**

| | | | |
|---|---|---|---|
| 01/03 | Shady Grove Land Corp Pay Shadygrov | -Sett-Tms ACH | 5,000.00 |
| 01/08 | Hns Hughesnet86 6-347-3292 Shady Grove LA 8931462 | | 71.73 |
| 01/08 | IRS    USATAXPYMT Shady Grove LA 270040852233763 | | 263.10 |
| 01/10 | Shady Grove Land Corp Pay Shadygrov | -Sett-Tms ACH | 5,000.00 |
| 01/17 | Shady Grove Land Corp Pay Shadygrov | -Sett-Tms ACH | 5,000.00 |
| 01/22 | AL-Dept of Rev Direct Dbt Shady Grove LA   1651886464 | | 39.34 |
| 01/24 | Shady Grove Land Corp Pay Shadygrov | -Sett-Tms ACH | 7,500.00 |
| 01/27 | Dish Network   Dish Ntwrk Ramsey,Ashleig | | 98.22 |
| 01/27 | Dish Network   Dish Ntwrk Ramsay,Ashley | | 107.69 |

Fig. 5 Jan 2020 Statements show similar ACH wire to the January 2014 Regions Bank Statement

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| SHADY GROVE LAND | 062000019 | 00000000173591351 | 7,500.00 | KELLEYWILLIAMSON | 0000001 | 9POST | BANK001 | 062000019 | 2020-01-30 |
| SHADY GROVE LAND | 062000019 | 00000000173591351 | 5,000.00 | KELLEYWILLIAMSON | 0000002 | 9POST | BANK001 | 062000019 | 2020-01-23 |
| SHADY GROVE LAND | 062000019 | 00000000173591351 | 5,000.00 | KELLEYWILLIAMSON | 0000001 | 9POST | BANK001 | 062000019 | 2020-01-16 |
| SHADY GROVE LAND | 062000019 | 00000000173591351 | 5,000.00 | KELLEYWILLIAMSON | 0000001 | 9POST | BANK001 | 062000019 | 2020-01-09 |
| SHADY GROVE LAND | 062000019 | 00000000173591351 | 5,000.00 | KELLEYWILLIAMSON | 0000001 | 9POST | BANK001 | 062000019 | 2020-01-02 |
| SHADY GROVE LAND | 062000019 | 00000000173591351 | 7,500.00 | KELLEYWILLIAMSON | 0000001 | 9POST | BANK001 | 062000019 | 2019-12-30 |

Fig. 6 Jan 2020 Regions ACH File show Williamson's wires are the wires shown on the January 2020 Statement

11. Thus far, the total financial loss to Crowder Gulf is currently $1,422,000.00; the total actual amount of loss is still under investigation.

12. Mr. Silver said he interviewed **Williamson**, during which she admitted to embezzlement from Crowder Gulf. Mr. Silver recorded the interview and emailed me a copy of the recording. In it, **Williamson** acknowledged that she was not authorized to write checks or wire funds to herself.

## JURISDICTION TO ISSUE OUT-OF-DISTRICT WARRANT

13. If the court issues the requested seizure warrant, Your Affiant shall serve it

on Regions Bank, headquartered in Birmingham, Alabama, within the Northern District of Alabama. Whether Regions Bank considers the funds in the accounts to be situated in the Northern District of Alabama or here in the Southern District, 18 U.S.C. §981(b)(3) expressly authorizes jurisdiction for the issuance of seizure warrants for property located in other districts, providing:

> Notwithstanding the provisions of rule 41(a) of the Federal Rules of Criminal Procedure, a seizure warrant may be issued pursuant to this subsection by a judicial officer in any district in which a forfeiture action against the property may be filed under section 1355(b) of Title 28, and may be executed in any district in which the property is found, ...

14.   Issuance of the requested seizure warrant in the Southern District of Alabama is appropriate under the above statute, as this is the district "in which ... the acts or omissions giving rise to the forfeiture occurred," 28 U.S.C. § 1355(b)(1)(A). As provided in 18 U.S.C. § 981(b)(3), the warrant may be "executed in any district in which the property is found." As stated, § 981(b)(3) authorizes issuance of the warrant in this district even if the funds in the account are in another district.

15.   **Williamson's** sole source of income was through her employment with Crowder Gulf. Your Declarant requested Regions Bank for the current balance of the funds in each account. In the account ending in 2916, the balance is $14,456.77. In the one ending in 1351, it is $51,000.78. As stated, there were 211 electronic transactions from the Shady Grove account between December 2017 and May 2023, which totaled $1,199,000. Because there is a break in available Regions Bank statements between 2013 (when there were two known unauthorized ACH withdrawals by **Williamson**—possibly the beginning of the offense conduct) and 2017 when the

digital statements started, it is impossible for Your Affiant to trace the proceeds from the beginning of the criminal conduct to its end. Under a proceeds of crime theory such as the one proposed here to seize the criminally derived funds commingled with clean ones, ordinarily the United States would be required to trace crime proceeds using funds tracing accounting principles such as those used and discussed in *U.S. v. Miller*, 295 F. Supp.3d 690, 703-707 (E.D. Va. 2019). However, because such tracing is impossible, 18 U.S.C. §984 eliminates that requirement.

Section 984(b) provides:

> **(b)** No action pursuant to this section to forfeit property not traceable directly to the offense that is the basis for the forfeiture may be commenced more than 1 year from the date of the offense.

16. In other words, the United States could not use 984 and its rule which relieves it of the funds tracing requirements if the funds can be traced. As stated, because of the break in available statements between 2013 and 2017, it is impossible to trace the criminal proceeds. As a result, §984 applies and eliminates the ordinarily required criminal proceeds tracing.

Section 984 provides:

> In any forfeiture action in rem in which the subject property is cash, monetary instruments in bearer form, funds deposited in an account in a financial institution (as defined in section 20 of this title), or precious metals—**(A)** it shall not be necessary for the Government to identify the specific property involved in the offense that is the basis for the forfeiture; and
>
> **(B)** it shall not be a defense that the property involved in such an offense has been removed and replaced by identical property.
>
> **(2)** Except as provided in subsection (b), any identical property found in the same place or account as the property involved in the offense that is the basis for the forfeiture shall be subject to forfeiture under this section.
>
> **(b)** No action pursuant to this section to forfeit property not traceable directly to the offense that is the basis for the forfeiture may be commenced more than 1 year from the date of the offense.

17.     From my review of the statements for both accounts, it is evident that proceeds of the above crimes are in these accounts and funded **Williamson's** and James's lavish lifestyles. Both bought newly constructed homes and Crowder Gulf Controller Lauren Bell stated they spent large amounts of money on dining, getting their hair and nails, and other expenses when the sisters worked at Crowder Gulf. **Williamson** is a member of the LaShe's Mardi Gras organization and is this year's queen. Bell further advised that **Williamson** is spending at a fast pace. This includes high end dinners, parties, shipping an ice sculpture from New Orleans, and other expenses associated with pageants. Bell was invited to these parties, and while she did not attend, these activities were reported to her from guests. Therefore, time is of the essence to stop the flow of funds from the account for forfeiture—and ultimately—for remission to the victims as restitution.

18.     Further, Equifax shows high account balances on about 10 credit cards **Williamson** has. In the recorded interview with Silver, **Williamson** stated she was in debt despite her fraud. She stated she uses stolen funds to pay down her growing credit card debt. For example, **Williamson** recently paid $15,000 on a credit card payment. Therefore, time is of the essence.

19.     Title 18 U.S.C. §981(a)(1)(C) authorizes forfeiture by the United States "[a]ny property, real or personal, which constitutes or is derived from violations of" of statutes including 18 U.S.C. §1344. As stated, §984 eliminates tracing of criminal proceeds in this case. Section 981(b)(1) and (2) authorize seizures of property subject to forfeiture "in the same manner as provided for a search warrant under the federal Rules of Criminal Procedure, except [in circumstances inapplicable here]."

## **CONCLUSION**

Based on the above facts, circumstances, and applicable statutes, the fraudulent check images, ACH wire files, and interviews, there is probable cause to believe funds on deposit in the subject accounts are proceeds of Bank Fraud and are at risk of being depleted. Therefore, the funds on deposit with Regions Bank in the accounts are subject to seizure and forfeiture to the United States pursuant to 18 U.S.C. Sections 981(a)(1)(C) and 984.

Respectfully Submitted,

*Emily Platt*

Emily Platt
Special Agent
U.S. Secret Service

THE ABOVE AGENT HAS ATTESTED
TO THIS AFFIDAVIT PURSUANT TO
FED. R. CRIM. P. 4.1(b)(2)(B) THIS 10th
DAY OF FEBRUARY 2025.

SONJA F. BIVINS
UNITED STATES MAGISTRATE JUDGE



Certified to be a true and correct copy of the original.
Christopher Ekman
U.S. District Court Southern District of Alabama
By: *Shannon Davison*
Deputy Clerk
Date: February 10, 2025